STATE EX REL. DEPARTMENT OF FINANCIAL INSTITUTIONS
OF INDIANA *v.* TOPF'S ESTATE ET AL.

[No. 16,086. Filed March 29, 1938. Rehearing denied May 10,
1938. Transfer denied September 29, 1938.]

*Phelps F. Darby* and *Craig & Craig,* for appellant.

*William S. Hatfield, William Espenschied* and *Lutz &
Johnson,* for appellees.

DUDINE, P. J.—On May 3, 1934, The Department of
Financial Institutions of Indiana filed a verified claim
against the estate of Herman Topf deceased, and on
May 31, 1937, said claim was transferred to the issue
docket. On May 24, 1937, "defendant" filed a verified
motion to strike said claim from the files. On June 23,
1937, the court sustained said motion to strike, and
rendered judgment for "the defendant." On appeal

appellant assigns as error the court's action in striking said claim.

The claim averred facts as to the incorporation of the American Trust and Savings Bank of Evansville, as to its continuous operation until October 17, 1931, that appellant took charge of its business on July 24, 1933, and on January 25, 1934, duly determined "to enforce at the time of his death was a shareholder of said Bank as holders of bank stock, "that decedent Herman Topf at the time of his death was a shareholder of said Bank, owning twenty-five (25) shares of the par value One Hundred Dollars each, that a demand for such liability was duly served upon said estate and the administrator thereof has failed, neglected and refused to pay" the same. The claim prayed judgment for $2,500.00 plus interest from March 17, 1934.

The motion to strike is verified and, omitting formal parts, reads as follows:

"The defendant Administrator moves the Court to strike from the files the claim of claimant herein for the reason that said claim was not filed within one year from the giving of notice by the original Administratrix of her appointment, and not filed thirty days before final settlement of the estate and before defendant's report in final settlement was filed."

The question presented by said motion, which was determined by the trial court, was a question of law and fact; i.e., a question of fact as to whether or not the claim was filed within one year from the date of appointment of the administratrix or at least thirty days before final settlement and a question of law as to whether the failure to file such claim within such time, if there was such a failure, would bar the claim.

The record does not show that any evidence was introduced. Appellant says in its brief, "The lower court could and presumably did take judicial knowledge of

its own records in this probate proceeding and of the important dates shown by the records of the Warrick Circuit Court," and then appellant sets out in its brief a list of "Important dates shown by the record . . ." with statements as to things that occurred on such dates in connection with said estate and claim.

The trial court *could* take judicial knowledge of its own records, and we presume it did so, but this court can not take judicial knowledge of facts shown by the records of the trial court. This court has no means of knowing what facts such records show unless such facts are put into the record on appeal; a *fortiori* this court can not review an action of the trial court which is based on judicial knowledge of its records, unless the facts, of which the trial court took judicial knowledge, are put into the record on appeal. 3 Amer. Juris. 375, Sec. 834.

The record on appeal in this case does not show when the original administratrix was appointed, or when the report in final settlement was filed.

No question having been duly presented for review, the judgment is affirmed.

Judgment affirmed.

Kime, J., not participating.