## GLORIA BROWN *v.* STATE OF MARYLAND

[No. 351, September Term, 1967.]

---

1. *Cert. granted* by the Supreme Court of the United States on other grounds, 392 U. S. 925, 88 Sup. Ct. 2297, 20 L. Ed. 2d 1384 (1968).

624

*Decided July 25, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*G. Denmead LeViness*, with whom was *Nelson R. Kandel* on the brief, for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General*, and *Charles*

*E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

Murphy, C. J., delivered the opinion of the Court.

The appellant was found guilty of assault with intent to murder in the Criminal Court of Baltimore on February 16, 1965 and was sentenced to five years imprisonment. The sentence was, however, suspended and she was placed on probation for a period of five years.

On May 1, 1967, in the same court, the appellant was convicted of violating the narcotic laws and was sentenced to two years imprisonment. The sentence was suspended and she was placed on probation until February 15, 1970.

On October 19, 1967, the appellant pleaded guilty to a charge of shoplifting before Judge George Taylor in the People's Court of Anne Arundel County and was sentenced to eighteen months imprisonment.

Thereafter appellant was charged with two counts of violation of probation granted by the Criminal Court of Baltimore. By agreement, both cases were heard on December 6, 1967 by Judge Charles D. Harris, at which time the appellant's probation officer testified that because of the shoplifting conviction in Anne Arundel County, and for no other reason, a warrant for appellant was obtained for violation of probation; and that had it not been for this conviction, appellant would have been continued on probation. Appellant entered a timely objection and moved to strike all testimony relating to the shoplifting conviction on the ground that as she was an indigent accused not represented by counsel at that trial, such conviction could not constitutionally provide the basis for revocation of her probation. The court overruled appellant's objection and motion, stating that as it did not have before it the records of the shoplifting conviction in Anne Arundel County, it did not know whether appellant was adequately warned of or waived her right to counsel.

Appellant then testified that after she was arrested on the shoplifting charge, she endeavored unsuccessfully through her family to obtain the services of a lawyer; that she asked the

"man who arrested her did I need a lawyer" and was told by him that she did not; that she went to trial without an attorney to represent her; that the judge did not tell her the meaning or consequences of a guilty plea or the maximum sentence for the offense; and that she pleaded guilty "because I believed in a way I was guilty and in a way I wasn't guilty." Appellant admitted that Judge Taylor told her that he could appoint a lawyer for her, but she testified that in response to this statement of the judge, that "I didn't tell him nothing."

After appellant testified, her counsel suggested that a continuance of the case be granted in order to clarify the issue of whether counsel had been afforded to the appellant since the only evidence in the case was appellant's testimony that counsel had not been afforded to her. The court declined to grant a continuance, stating:

> "* * * I am going to act now, but without prejudice to your right to seek to reopen the proceedings if you can show, through Judge Taylor or some other reliable witness, that she was not fully apprised of her rights at that trial. I would guess or assume it is not a court of record, and it might be somewhat difficult to show, but one thing you can do would be to get a copy of the docket entries there, which usually show whether there is a warning as to the rights. That record might very well show that after being informed of her right, she waived it. If it doesn't show that, why the action I take will be without prejudice to your right to seek to reopen and to have the action I am going to take stricken."

Following these remarks by the court, appellant again requested a continuance "to allow me to issue a subpoena for the records and Judge Taylor to clarify this issue because I think it is a vital constitutional question." The court again declined to grant a continuance, and after stating that it did not believe appellant's testimony that she had not been advised of her rights, revoked her probation in both cases, concluding that:

> "* * * this action will be without prejudice to your right to bring in a certified copy of the docket records

of her conviction before Judge Taylor in Anne Arundel County on October 19th, 1967, or any other evidence you may wish to bring in. If it can be shown she was not advised of her rights, then you may move to have the two actions I have taken today stricken."

On these facts, appellant contends that the lower court abused its discretion in revoking her probation because the questions of whether her guilty plea to the shoplifting charge was intelligently made, and whether she was denied her constitutional right to counsel were never resolved.

As we recently observed in *Wayne v. State*, 4 Md. App. 424, an indigent accused in a serious state criminal prosecution, as here, has an absolute constitutional right to have counsel appointed for his defense. That such an accused has a right to proceed without counsel following a knowing and intelligent waiver of his right to counsel is likewise well settled. See *Cummings v. Warden*, 243 Md. 702; *Ware v. State*, 235 Md. 131. The classic definition of waiver of a federal constitutional right is that contained in *Johnson v. Zerbst*, 304 U. S. 458, *i.e.*, "an intentional relinquishment or abandonment of a known right or privilege." In *Manning v. State*, 237 Md. 349, the Maryland Court of Appeals gave explicit recognition to the holding of the Supreme Court in *Carnley v. Cochran*, 369 U. S. 506, 516, *viz.*:

"Presuming waiver [of the right to counsel] from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

Where a constitutionally effective waiver of counsel has been made, a plea of guilty may be entered by an unrepresented accused where the circumstances show a voluntary desire on his part to so plead, with an intelligent understanding of the nature of the offense to which he is pleading guilty and the possible consequences of such a plea; and the acceptance of a guilty plea entered under such circumstances is, of course, entirely proper.

*James v. State,* 242 Md. 424; *Gleaton v. State,* 235 Md. 271; *Blake v. State,* 2 Md. App. 492.

In *Burgett v. Texas,* 389 U. S. 109, 19 L. Ed. 2d 319, decided November 13, 1967, the question before the Supreme Court was whether, for purposes of applying an enhanced punishment under a Texas recidivist statute, the defendant's prior felony conviction could be constitutionally considered where it was not shown that he had been afforded the right to or waived counsel. After noting that the record of that prior conviction did not disclose that the right to counsel had been waived, and that it appeared on the face of such record that the defendant had not been represented by counsel, the court held that such conviction was void and could not be utilized to enhance defendant's punishment. The court held, under such circumstances, that there was a presumption that the defendant had been denied his right to counsel, that presuming waiver of counsel from a silent record is impermissible, and that to permit a conviction obtained in violation of *Gideon v. Wainwright,* 372 U. S. 335, to be used against a person either to support guilt or enhance punishment for another offense would be to erode the principle of that case.

In light of these principles, and in view of the failure of the record before us, or the evidence before the trial court, to disclose what occurred at appellant's trial on the shoplifting charge, we think it desirable to remand the case to the lower court under Maryland Rule 1071 without affirming, reversing or modifying the judgment from which the appeal was taken, so that additional evidence may be secured to permit a determination of the constitutional questions involved.

It is well settled that the demands of due process at a probation revocation hearing are generally satisfied if the probationer is extended a reasonable opportunity to defend himself against a charge that he has violated the conditions of his probation. See *Finnegan v. State,* 4 Md. App. 396. We think the principle of *Burgett* is such that if appellant's shoplifting conviction were unconstitutionally obtained, and the sole reason for the revocation of her probation was the fact of that conviction, then the conviction cannot of itself provide a proper basis upon which to revoke the previous grant of probation.

Without question, appellant should have been prepared at the hearing before Judge Harris to prove by the most competent available evidence that she was not afforded counsel or, if counsel were offered to her, that she did not intelligently and knowingly waive her right thereto when she pleaded guilty. On the remand, appellant will be afforded the opportunity to produce that evidence in support of her constitutional argument which she desired to present had her request for a continuance been granted by the lower court. We do not believe, however, that the naked docket entries of the People's Court proceeding, whatever they disclose, will be sufficient proof standing alone that appellant's constitutional right to counsel was waived or not waived within the meaning of *Johnson v. Zerbst, supra,* and *Carnley v. Cochran, supra,* where other evidence is available upon which the issue may be more definitely adjudicated. See *Montgomery v. Warden,* 1 Md. App. 30, at pages 37-38.

> *Case remanded for further proceedings in accordance with this opinion.*