[Crim. No. 14105.   Second Dist., Div. Four.   Apr. 11, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. JERRY WALKER LYNN, Defendant and Appellant.

Charles M. Berg, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Megan A. Wagner, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.—

*Case 326106*

By information, defendant was charged with violation of Health and Safety Code sections 11530.5 (possession of marijuana for sale) and 11500.5 (possession of heroin for sale). After a trial held before the court sitting without a jury, defendant was found guilty as charged. He appeals from the judgment.

On May 24, 1966, officers of the Los Angeles Police Department, armed with a search warrant, went to 5930 Reseda Boulevard, apartment 70. The warrant had been obtained on information supplied by a confidential, reliable informant, to the effect that narcotics could be found at that location. There they found in a closet 50 kilo-sized blocks of a green, leafy substance later identified as marijuana. In the medicine cabinet were found two cellophane packages, each of which contained approximately 1 ounce of a whitish powder later

identified as heroin. The only articles of personal property found in the apartment were one shirt and one pair of pants and a rent receipt made out to Jerry Alexander for apartment 70 from May 17 to May 29.

Five or ten minutes later, defendant entered the apartment and was taken into custody. He was then taken to the office of the apartment manager, where the officer heard the manager ask defendant what the trouble was. An officer stated that the man was under arrest. Then the manager asked, " 'Are you going to keep that apartment or can I clean it up?' " Defendant replied, " 'I am going to keep it until my rent is paid up . . . That is the 27th.' "

Defendant testified at the trial that, although he had rented the apartment in question under the name of Jerry Alexander, he had never lived there. He had rented the apartment because he had had a fight with his wife and needed a place to stay; but, since they reconciled soon after, he didn't need it. He stated that on May 20 or 21, he met a man named "Jim" or "Tim" in a bar. He had first met this man in jail and knew very little about him. "Jim" or "Tim" indicated that he was having problems at home because there were so many people living there. Since he no longer needed the apartment, defendant suggested that his acquaintance might stay there. They then had a duplicate key made and defendant never saw him again. Although defendant denied having stayed overnight at the apartment, he testified that at one time he went there to change his clothes and noted paper plates and things in the kitchen which made it look as though someone had been there eating. Since he was not returning home that night, he had left the clothes in the apartment, intending to retrieve them later. It was while he was on this return mission that he was arrested.

█ In the trial court defendant made a timely demand for the disclosure of the name of the informant upon whose report the search warrant was issued. The police officer who had received that report declined to furnish the information. The trial court ruled that this was not the kind of case in which the prosecution must either disclose the identity of the informer or incur dismissal.

That ruling was an error which compels reversal of the judgment. Recent decisions of the California Supreme Court leave no doubt about it. (See *Honore* v. *Superior Court* (1969) 70 Cal.2d 162 [74 Cal.Rptr. 233, 449 P.2d 169]; *People* v. *Garcia* (1967) 67 Cal.2d 830 [64 Cal.Rptr. 110, 434

P.2d 366] ; *People* v. *Perez* (1965) 62 Cal.2d 769 [44 Cal.Rptr. 326, 401 P.2d 934].) ▮ The rule was stated in the *Honore* opinion thus: "We explained at some length in *People* v. *McShann, supra,* 50 Cal.2d 802 [330 P.2d 33], and have recently repeated in *People* v. *Garcia, supra,* 67 Cal.2d 830, that when it appears from the evidence that an informer is a material witness on the issue of the defendant's guilt, the informer's identity may be helpful to the defendant and non-disclosure would deprive the latter of a fair trial. Thus, when *'the accused seeks disclosure on cross-examination, the People must either disclose [such informer's] identity or incur a dismissal.'* (Original italics.) (*People* v. *Garcia, supra,* 67 Cal.2d 830, 836, quoting from *People* v. *McShann, supra,* 50 Cal.2d 802, 808.)

▮ "Defendants need not prove that the informer could give testimony favorable to them in order to compel disclosure of his identity nor need they show that he was a participant in or an eyewitness to the crime. (*People* v. *Garcia, supra,* 67 Cal.2d 830, 837.) Their burden extends only to a showing that 'in view of the evidence, the informer would be a material witness on the issue of guilt and nondisclosure of his identity would deprive the defendant of a fair trial.' (*People* v. *Williams* (1958) 51 Cal.2d 355, 359 [333 P.2d 19].) 'That burden is discharged, however, when defendant demonstrates a reasonable possibility that the anonymous informant whose identity is sought could give evidence on the issue of guilt which might result in defendant's exoneration. "No one knows what the undisclosed informer, if produced, might testify. He might contradict or persuasively explain away the prosecution's evidence." ' " (70 Cal.2d at p. 168.)

In the case at bench the declaration of the police officer, on which the search warrant issued, contains this statement: "Your affiant was informed by the said confidential reliable informant on the aforementioned date that he observed, within the prior three days, a large quanity [*sic*] of Heroin and Marijuana in Apt 70 at 5930 Reseda Blvd. That he has observed, within the prior three days, Jerry Lynn transport said Narcotics to Apt 70 at 5930 Reseda Blvd in two seperate [*sic*] 1956-59 Ford Thunderbird vehicles, one vehicle Red in color and the other Blue in color."

▮ We have here a case where narcotics are found concealed in an apartment rented to defendant but apparently not occupied by him as a place of residence. His connection with the .contraband is purely circumstantial—based as it is

upon his equivocal relationship to the apartment. The police have knowledge of an individual who claims to have observed the narcotics there and to have seen defendant bring them there. Such a person would be capable of proving defendant guilty if he is guilty or proving him innocent if the report given to the officer is erroneous. At least two defense theories immediately present themselves: (1) the informant himself may be the guilty party who, to save himself, reported that the contraband belonged to defendant, or (2) some third person, using defendant's name, has hidden the narcotics in this supposedly unoccupied apartment, and the informant, if confronted by the real Jerry Lynn, will exonerate the latter.

The Supreme Court has pointed out that to make a case for disclosure of the informant the defendant need not show what the informant will testify to. It is enough that he is shown to be ''a material witness on the issue of guilt.'' It should be noted too that the grounds for disclosure are not dependent upon the testimony given by the defendant. The materiality of the informant's testimony is here shown by the People's own evidence, which includes the affidavit in support of the warrant. (See *People* v. *Garcia* (1967) 67 Cal.2d 830, 839, fn. 10 [64 Cal.Rptr. 110, 434 P.2d 366].)

*Case 295419*

■ In 1965 defendant pleaded guilty to receiving stolen property (Pen. Code, § 496). Proceedings were suspended and he was placed on probation for four years. On June 14, 1967, following defendant's conviction of the narcotics offenses in case 326106, probation was revoked and defendant was sentenced to state prison. He has appealed from this judgment also.

Since the trial court stated no ground for the revocation of probation, we assume it was on the ground of the new felony convictions, and for that reason only, the judgment in case 295419 must be reversed. Now that the narcotics convictions are being reversed, they cannot stand as a ground for revocation of probation. It may be that there are other grounds of which we have no knowledge upon which defendant's probation should be revoked. Upon remand the trial court will have the opportunity to determine whether circumstances other than the narcotics convictions in case 326106 justify a revocation.

Each judgment is reversed.

Kingsley, J. ,and Dunn, J., concurred.