FREDERICK HUTCHINSON A/K/A Eric Barksdale
*v.* STATE OF MARYLAND

[No. 231, September Term, 1979.]
*Decided November 9, 1979.*

The cause was argued before LOWE, LISS and WEANT, JJ.

*Martha Weisheit, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Deborah K. Handel, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Tim Doory, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

— sufficiency of certified conviction to revoke probation —

This is an appeal of a revocation of probation in the Criminal Court of Baltimore, the evidence for which consisted solely of a certified docket entry showing appellant's subsequent criminal conviction as evidence that he had violated a condition of his probation that he would obey all laws. Relying primarily upon *Kern v. State,* 521 P.2d 412 (Okla. Crim. 1974), appellant contends that proof of a conviction that has been appealed and thus is not yet final, may not serve as the sole basis for finding a violation of probation, citing *Stoner v. State,* 566 P.2d 142 (Okla. Crim. 1977), and *Harris v. State,* 331 S.W.2d 941 (Tex. Crim. 1960),

as well as *State ex rel. Roberts v. Cochran,* 140 So.2d 597, 599-600 (Fla. 1962), for support.

Quoting from *State v. Roberson,* 327 A.2d 556 (Conn. 1973), the State convincingly points out that the majority of jurisdictions hold that either proof of a conviction or proof of the commission of acts constituting a crime is sufficient to support an order of revocation. We are convinced that although Maryland has not reported its alignment with the majority in that regard, it is the better practice and has been adhered to, if not acknowledged until now. See, *e.g., Brown v. State,* 4 Md. App. 623 (1968). A judgment of conviction despite its appealability, provides, at the very least, a strong permissible inference that a probationer has not obeyed all laws and is a sufficient circumstance "to satisfy the conscience of the court of the truth of the violation." *Knight v. State,* 7 Md. App. 313, 318 (1969). All that is required as the standard of proof to support a revocation is that the evidence and the facts be such as " 'to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation.' " *Scott v. State,* 238 Md. 265, 272 (1965), quoting *Manning v. United States,* 161 F.2d 827, 829 (5th Cir. 1947). Stated otherwise by the same Court, probation being a matter of grace,

> " . . . may be ended, if the court is reasonably persuaded, by knowledge of facts, even if obtained more informally than the rules of evidence would permit it to be obtained in a trial, that it should be." *Id.* at 275.

Our conclusion is also strongly supported by the facts in *Scott, supra.* Scott was acquitted by a jury; yet the judge revoked his probation because he was convinced by evidence which he had ruled inadmissible in the trial that Scott had committed the crime. If the fact of acquittal upon evidentiary suppression does not preclude revocation, we have no difficulty in concluding that when evidence is sufficient to permit a jury in one case to determine by the highest standard of proof that an accused has committed a crime, its official conclusion certified to the revocation hearing judge is

sufficient prima facie to satisfy the lesser standard of reasonable persuasion, that the condition of legal obedience has been violated. The evidence was sufficient to justify revocation. The judge did not abuse his discretion (*Edwardsen v. State,* 220 Md. 82, 88 (1959)), in so concluding, based on the knowledge of a conviction, although not yet final, placed in evidence before him.

— effect of reversal of the conviction upon<br>which revocation is founded —

Such holding, however, does not contemplate the complexity of the problem that arises when the conviction upon which the revocation is based is reversed on appeal. That is precisely what occurred in this case on March 7, 1979, eight months after appellant's probation had been revoked by Judge Martin B. Greenfeld on June 21, 1978.

The State would have us decline to consider that complicating factor because we are technically reviewing the action of the trial court and, since the subsequent reversal was not before Judge Greenfeld, it does not form a part of the record for this appeal. The State points out that our reversal itself is in jeopardy since the Court of Appeals has issued a writ of certiorari [1] to review our judgment and that in any case appellant may, upon post conviction or habeas corpus, raise the issue of the impact of the appellate reversal, which would provide the State the opportunity to prove the violation through factual evidence of the criminal violation without regard to the conviction or its reversal.

We are loath to obscure the obvious common sense recognition of our own cases by the judicial fiction that appellant must evidentiarily prove this in a nisi prius proceeding before we will acknowledge them, and prefer to exercise our discretion in judicially noticing them, *Christopher v. Sisk,* 133 Md. 48, 50 (1918); *In Re Appeal No. 504,* 24 Md. App. 715, 727 (1975); but the result we reach is

---

1. Just as the State may rely on a conviction as valid for purposes of appeal until reversed, so may the appellant rely upon his reversal as valid in this case unless and until that is declared to have been in error by the Court of Appeals.

similar to that sought by the State, though by a somewhat different route.[2]

The *Roberson* case, relied upon by the State, indicates that a formula applies for reversals of convictions upon which revocation is founded:

> "If revocation is based on a finding of conduct, then a reversal of a conviction resulting from the conduct ordinarily does not affect the revocation; but if conviction is the sole ground for revocation and the conviction is reversed, then the basis for the revocation no longer exists." 327 A.2d at 559.

We need not look to foreign jurisdictions for support of so reasonable a conclusion. In *Brown, supra,* we reached the same result.

> "We think the principle of *Burgett* [*v. Texas,* 389 U.S. 109 (1967)] is such that if appellant's shoplifting conviction were unconstitutionally obtained, and the sole reason for the revocation of her probation was the fact of that conviction, then the conviction cannot of itself provide a proper basis upon which to revoke the previous grant of probation." 4 Md. App. at 628.

A reversal indicates one of two things, either the probationer was not guilty of having subsequently broken the law, or (if remanded for retrial) may not be guilty if properly tried. The latter is what occurred in the case before us. The predicate that satisfied the revoking judge in this case was the beyond a reasonable doubt finding by other judicial factfinders that appellant had broken the law. The appellate opinion filed (and published) decided that the jury in that case had not been properly apprised of the manner in which the beyond the reasonable doubt standard of guilt should have been apprised and "that the error may have contributed to

---

2. The post conviction procedure or habeas corpus route suggested as an available alternative by the State is obviously preferable to the more cumbersome, time consuming and expensive appellate route; however, the issues never before having been decided by an appellate court place this case in a unique posture. Furthermore, while the post conviction route may be preferable, we can hardly say the appellate route is improper.

the guilty verdict returned against the appellant." *Hutchinson v. State,* 41 Md. App. 569, 578 (1979).

A revoking judge may rely on the recorded conviction of another judicial factfinder that a probationer violated the law, but when the foundation for the conviction relied upon falls, so must the judicial structure built upon it. See *Brown, supra,* and see *People v. Lynn,* 271 Cal. App. 2d 670, 76 Cal. Rptr. 801, 803 (1969); *State ex rel. Roberts v. Cochran, supra,* 140 So.2d at 599-600; *State v. Blackwelder,* 263 N.C. 96, 138 S.E.2d 787, 789 (1964); *Clay v. Wainwright,* 470 F.2d 478, 481 (5th Cir. 1972).[3] Obviously this is not true unless the fact of conviction was the *sole* basis for the revocation order. If facts were before the revoking judge sufficient reasonably to persuade him that the probationer had not obeyed the law, the revocation would stand with or without a conviction originally, *Scott v. State, supra,* or reversal subsequently, *Brown v. State, supra.*

In light of this result it is unnecessary to address the third question raised by appellant but we will note his fourth (that he should have been credited with accrued earned "good time" during his earlier incarceration) is without merit. Such credit is a matter for the Department of Public Safety and Correctional Services, not the court. *Bartholomey v. State,* 267 Md. 175, 188 (1972).

> *Judgment reversed.*
> *Costs are not reallocated as part of*
>     *the judgment of this Court pur-*
>     *suant to Maryland Rule 1082 f.*

---

**3.** Significantly, the State provided no authority to the contrary nor did it argue thus.