**Jerry W. BROWN, Appellant (Petitioner),**

v.

**STATE of Indiana, Appellee (Respondent).**

No. 2–283A67.

Court of Appeals of Indiana, Second District.

Dec. 22, 1983.

Rehearing Denied Feb. 14, 1984.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Petitioner-appellant Jerry W. Brown (Brown) appeals from the denial of his petition for post-conviction relief,[1] contending (avec raison) the court erred in refusing to overturn the revocation of his probation.

We reverse.

## FACTS

The facts necessary for our decision are undisputed. On May 9, 1977, Brown pled guilty to the charge of possession of a controlled substance, and at a later sentencing hearing, the trial judge withheld judgment and placed Brown on probation for three years. It is the subsequent revocation of probation that Brown challenges in this appeal.

The State sought revocation by way of a petition to sentence filed on March 18, 1981. The petition alleged that Brown had committed the crime of involuntary manslaughter while he was on probation, and attached to the petition were several exhibits. The exhibits, which comprised the *sole* evidence submitted in support of revocation, were as follows: (1) a copy of the docket entry for the 1977 judgment; (2) copies of Brown's rules of probation which ordered him to "obey all the laws of City, State and Federal Governments", *record no. 1* at 33, 34; (3) a certified copy of a 1979 grand jury indictment of Brown for the crime of involuntary manslaughter; and (4) a certified copy of the Blackford Circuit Court's docket book entry showing Brown was convicted of involuntary manslaughter in 1981. Acting upon such evidence,[2] the trial court entered judgment on the 1977 guilty plea, revoked Brown's probation, and sentenced him to the department of corrections for ten years.

Robert G. Forbes, Hartford City, for appellant.

Linley E. Pearson, Atty. Gen., Latriealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

1. Ind.Rules of Procedure, Post-Conviction Rule 1.

2. Despite the post-conviction court's belief to the contrary, there is nothing in the probation revocation record showing that the revocation court relied upon its judicial knowledge of the proceedings at Brown's involuntary manslaughter trial. Nowhere does that order book entry suggest the court relied upon anything but the bare documents filed by the State. *See Record No. 1* at 40–41.

Brown appealed the decision revoking his probation, and the judgment was affirmed by this court in a memorandum decision, *Brown v. State,* (filed Feb. 3, 1982) Ind. App. No. 2–781–A–257. Transfer was denied on August 8, 1982.

Meanwhile, another appeal was in process. On April 28, 1982, the fourth district of this court reversed Brown's conviction of involuntary manslaughter, the conviction upon which the probation revocation was based, concluding that "[t]he trial court erred in refusing to dismiss the indictment." [3] *Brown v. State,* (1982) Ind. App., 434 N.E.2d 144, 146. The State disputed the appellate court's reasoning that the presence of unauthorized persons during Brown's grand jury proceedings mandated reversal, but transfer was denied on October 8, 1982.

Armed with this reversal, Brown sought post-conviction relief, claiming that, because the conviction supporting probation revocation had been reversed, the revocation was unsupported by any evidence and was contrary to law. *No new evidence was taken during the post-conviction relief hearing,* but apparently the court took notice of the record of proceedings from Brown's involuntary manslaughter trial, as disclosed by the following findings and conclusions:

"FINDINGS OF FACT

. . . .

18. That the conviction of the defendant, Jerry W. Brown, for Involuntary Manslaughter under cause number C–79–58 was reversed solely because of a procedural error that occurred during the Grand Jury proceedings.

19. That none of the evidence presented at the trial of Jerry W. Brown for the crime of Involuntary Manslaughter under cause number C–79–58 was held to be inadmissible or insufficient by the Indiana Court of Appeals.

20. That a Jury of twelve (12) men and women concluded beyond a reasonable doubt that the defendant, Jerry W. Brown, did in fact commit the crime of Involuntary Manslaughter.

. . . .

CONCLUSIONS OF LAW

1. That evidence presented at the hearing on the 19th day of March, 1981, in this cause of action, was sufficient to warrant a revocation of the defendant's probation which permitted the entry of Judgment against him convicting him of the crime of Possession of a Controlled Substance.

2. *That the Court has the right to consider the evidence that was presented at the defendant's trial for the crime of Involuntary Manslaughter* in determining whether or not it is appropriate to revoke his probation resulting in Judgment being entered against him.

3. That even though the conviction against the defendant for Involuntary Manslaughter was reversed, since it was not reversed because of evidentiary errors, *the record of the evidence presented at the defendant's trial for the crime of Involuntary Manslaughter can be used by the Court to determine whether or not the defendant's probation should be revoked and Judgment be entered for a plea of guilty to a prior felony.*"

*Record No. 2* at 43–48 (emphasis supplied). The post-conviction judge did not preside over Brown's involuntary manslaughter trial, but stated, "I tried a case, a companion case to this the following week or week after that, within two weeks. I was familiar with the evidence that was presented in this particular case." *Record No. 2* at 69. Believing there was evidence sufficient to support the revocation, the court denied Brown's petition for post-conviction relief.

---

**3.** The court did not address the sufficiency of the evidence supporting Brown's conviction.

## ISSUE

Brown presents one issue for our consideration:

Did the court err in denying Brown's petition for post-conviction relief and in refusing to overturn the revocation of his probation upon proof that the underlying conviction supporting revocation had been reversed?

## DECISION

PARTIES' CONTENTIONS—Brown asserts that, upon reversal of the involuntary manslaughter conviction (which reversal included a determination that the indictment should have been dismissed), his probation revocation was rendered invalid as unsupported by any evidence. The State counters that reversal on any basis other than a sufficiency of the evidence question does not alter the fact that a twelve-member jury found Brown guilty; thus, the jury's decision was sufficient to support a finding that Brown had engaged in unlawful activity which in turn justified revocation of probation.

■ CONCLUSION—The post-conviction court erred in failing to grant Brown's petition because a reversed conviction, *unsupported by any other evidence of criminal activity*, is insufficient to support a revocation of probation.

To reach a decision in this case we must touch three bases. First is the effect of Brown's failure to verify his petition for post-conviction relief. Second is the character and quantity of evidence necessary to prove he violated the condition of "good behavior." And third is the propriety of using judicial notice to supply the evidence necessary to support revocation.

### I.

Brown did not verify the petition for post-conviction relief. It was signed by counsel on his behalf. So the State points to PCR 1, § 3 which provides that,

"The petition shall be made under oath and the *petitioner* shall verify the correctness of the petition, the authenticity of all documents and exhibits attached to the petition, and the fact that he has included every ground for relief under Sec. 1 *known to the petitioner.*"

(Emphasis supplied). For the first time on appeal the State urges that the rule requires personal verification by the petitioner; therefore, the argument follows that, because Brown's petition was signed and verified not by Brown, but by his attorney, the petition should be dismissed for want of jurisdiction.

We are aware of language in *Thompson v. State,* (1979) 270 Ind. 677, 389 N.E.2d 274, suggesting that verification is necessary before a trial court gains jurisdiction over a post-conviction relief petition. We are also cognizant of the decisions in *Shelor v. State,* (1979) 270 Ind. 454, 386 N.E.2d 690, and *Owen v. State,* (1975) 167 Ind.App. 258, 338 N.E.2d 715, *trans. denied,* which indicate a trial court should not reach the merits of an unverified post-conviction petition. But those cases have never squarely addressed the question of whether verification is necessary to confer subject-matter jurisdiction, which can never be waived or consented to,[4] or jurisdiction of the particular case, which must be raised at the earliest possible opportunity.[5] Some guidance is given in language from *Shelor, supra,* and *Owen, supra.* Both cases required trial courts faced with unverified petitions to return the petition for verification. Such procedure suggests particular case jurisdiction, rather than subject-matter jurisdiction, is involved; *i.e.,* the trial court is not powerless to act, but should, upon discovering the defect, have it remedied prior to deciding the particular case.

■ Furthermore, we must recognize the time-honored principle that a statutory

---

4. *See Carpenter v. State,* (1977) 266 Ind. 98, 360 N.E.2d 839; *City of Marion v. Antrobus,* (1983) Ind.App., 448 N.E.2d 325, *trans. denied.*

5. *See State ex rel. Dean v. Tipton Circuit Court,* (1962) 242 Ind. 642, 181 N.E.2d 230; *City of Marion, supra.*

requirement of verification of pleadings is not jurisdictional. General case law is that want of verification is waived if an objection is not presented at the earliest possible opportunity. *Prebster v. Henderson*, (1916) 186 Ind. 21, 113 N.E. 241; *Faylor v. Fehler*, (1914) 181 Ind. 441, 104 N.E. 22; *Strebin v. Lavengood*, (1904) 163 Ind. 478, 71 N.E. 494; *In re Estate of Gerth*, (1972) 152 Ind.App. 273, 283 N.E.2d 578; *Workman v. Workman*, (1943) 113 Ind.App. 245, 46 N.E.2d 718, *trans. denied. See also Hendricks v. State*, (1981) Ind., 426 N.E.2d 367 (defendant did not object until after testimony by victims that supported the unverified petition alleging delinquency; thus, technical error on the State's part did not prejudice the substantial rights of the defendant). We believe this general rule is applicable to the facts of this case. The State did not raise lack of verification in the trial court; therefore, we deem the issue waived.

## II.

Now we look to the character and quantity of evidence sufficient to prove Brown violated the mandate of "good behavior." If he violated this term of his probation, his probation may be revoked. *Hoffa v. State*, (1977) 267 Ind. 133, 368 N.E.2d 250.[6] There is no dispute that proof of Brown's involuntary manslaughter conviction supported revocation at the initial revocation hearing in 1981; our courts have consistently so held. But the effect of subsequent reversal of a conviction supporting revocation is an issue which has heretofore not been determined in Indiana. Therefore, we proceed cautiously into Indiana case law and supplement our analysis with guidance from other jurisdictions.

 In proving that a defendant has violated the condition of "good behavior," the State must prove by a preponderance of the evidence that the defendant has engaged in unlawful activity. *Shumaker v. State*, (1982) Ind.App., 431 N.E.2d 862,

*trans. denied.* Certainly proof of a conviction is the best evidence of unlawful conduct; for that reason, a conviction is prima facie evidence and will alone support the revocation of probation. *Hoffa, supra.* But a conviction is not necessary to support revocation. If the State can prove by a preponderance of other evidence that such unlawful conduct has occurred, revocation is still proper. *Hoffa, supra; Jaynes v. State*, (1982) Ind.App., 437 N.E.2d 137; *Shumaker, supra.* Thus, revocation of probation may be based upon evidence of the commission of an offense, even if the probationer has been acquitted of the crime after trial. *Jackson v. State*, (1981) Ind. App., 420 N.E.2d 1239 (transfer not sought).

*Jackson* provides the pattern:

"*We must stress, however, that each case must be decided on the basis of evidence presented at the revocation hearing.* In many instances of acquittal the state may not be able to meet its preponderance burden.... Here, the evidence presented at Jackson's criminal trial was re-examined, additional testimony was taken, and the limited rights afforded an alleged probation violator were fully protected."

*Id.* at 1242 (emphasis supplied). *Jackson* therefore provides a situation analogous to the one before us. Because the probationer in that case had been acquitted of the offense charged, the State was required to present other evidence sufficient to support a finding of unlawful activity. Conversely, we believe that, because the State relied solely upon a conviction and an indictment which were subsequently overturned on appeal, additional proof is required to support the revocation of Brown's probation.

This result is supported by case law from foreign jurisdictions which, like Indiana, require evidence of unlawful activity which may or may not include proof of a conviction. Those cases stand for the proposition that, if a conviction is the *sole* ground for

---

**6.** The *Hoffa* court interpreted the version of the probation revocation statute applicable to Brown's case, Ind.Code 35–7–2–2 (1976). For present legislation, *see* IC 35–38–2–1, –3 (Supp. 1983).

revocation and the conviction is reversed, the basis for the revocation no longer exists and it must be reversed. *People v. Lynn,* (1969) 271 Cal.App.2d 670, 76 Cal. Rptr. 801; *State v. Roberson,* (1973) 165 Conn. 73, 327 A.2d 556; *Stevens v. State,* (Fla.1982) 409 So.2d 1051; *Dean v. State,* (1981) 291 Md. 198, 434 A.2d 552. And there is support for the notion that this issue may be raised by way of a petition for post-conviction relief. *See Rutledge v. State,* (1978) 263 Ark. 300, 564 S.W.2d 511; *Hutchinson v. State,* (1979) 44 Md.App. 182, 407 A.2d 359, *affirmed,* (1982) 292 Md. 367, 438 A.2d 1335.

This is not to say, however, that a reversal of the conviction supporting probation always mandates reversal of the revocation. As the court in *Roberson, supra,* explained, the distinction is between proof of conduct and proof of a conviction:

> "If revocation is based on a finding of conduct, then a reversal of a conviction resulting from the conduct ordinarily does not affect the revocation; but if conviction is the sole ground for revocation and the conviction is reversed, then the basis for the revocation no longer exists."

165 Conn. at 79, 327 A.2d at 559. *See also Hutchinson,* 44 Md.App. 182, 407 A.2d 359. The recommended procedure in the event of a reversal "is to hold a new hearing for the purpose of reconsidering the prior revocation.... At such a hearing, ... the court may hear *all* pertinent evidence...." *In re Coughlin,* (1976) 16 Cal.3d 52, 58, 545 P.2d 249, 253, 127 Cal.Rptr. 337, 341.

██ We have found no case specifically addressing the State's argument that a reversal of a conviction on a basis other than sufficiency of the evidence does not change the fact that a twelve-member jury found Brown guilty as charged. However, because Indiana case law is that the effect of an appellate court's reversal of a judgment is to vacate and nullify the trial court's judgment, restoring the parties to the position they held before judgment,[7] we are unconvinced that probation-revoking courts may use reversed convictions as the basis for their decisions. As the court in *Hutchinson, supra,* concluded,

> "A reversal indicates one of two things, either the probationer was not guilty of having subsequently broken the law, or (if remanded for trial) may not be guilty if properly tried.
>
> . . . .
>
> A revoking judge may rely on the recorded conviction of another judicial fact-finder that a probationer violated the law, *but when the foundation for the conviction relied upon falls, so must the judicial structure built upon it."*

44 Md.App. at 186–87, 407 A.2d at 362 (emphasis supplied). Here, the foundation for Brown's trial and ultimate conviction—his indictment—was overturned on appeal. The indictment no longer stands, Brown's conviction has been vacated, and no other evidence was presented to support the revocation of probation. Therefore, Brown's petition for post-conviction relief must be granted.

### III.

██ Finally, we perceive some question as to whether the court's judicial knowledge of the transcript from Brown's involuntary manslaughter trial could supply the evidence necessary to support revocation. Although it is well established that a court judicially knows its own records, *e.g., Apple v. Greenfield Banking Co.,* (1971) 255 Ind. 602, 266 N.E.2d 13; *Budnick v. Budnick,* (1980) Ind.App., 413 N.E.2d 1023, this principle does not apply to judicial notice of records in cases other than the one being tried. "[E]ven where the record produced was one made in the same court and was made in a prior, separate case, and the subject matter and parties were related to the instant case," judicial notice is improper. *Smith v. State,* (1983) Ind., 443 N.E.2d 1187, 1190. *See also Smith v. State,* (1977) 266 Ind. 633, 366 N.E.2d 170; *Fletcher Savings & Trust*

---

7. *See Doughty v. State Dep't of Public Welfare,* (1954) 233 Ind. 475, 121 N.E.2d 645; *Hunter v.* *Hunter,* (1973) 156 Ind.App. 187, 295 N.E.2d 834.

*Co. v. American State Bank,* (1925) 196 Ind. 118, 147 N.E. 524; *Freson v. Combs,* (1982) Ind.App., 433 N.E.2d 55. Furthermore, even if judicial notice were proper, we could not review the post-conviction court's action because the facts of which the court took notice were not set forth in the record. *See Apple v. Apple,* (1971) 149 Ind.App. 529, 274 N.E.2d 402; *State ex rel. Dep't of Financial Insts. v. Topf's Estate,* (1938) 105 Ind.App. 530, 13 N.E.2d 883.

Thus, upon reversal of Brown's underlying conviction and dismissal of the indictment charging him with the crime, we are faced with a record barren of any evidence of unlawful activity on Brown's part. We can only conclude that it was error to deny the petition for post-conviction relief.

Judgment reversed.

SULLIVAN and SHIELDS, JJ., concur.