**MEMORANDUM DECISION**

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jan 28 2016, 8:23 am
CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Randy M. Fisher
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Javonieo White,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

January 28, 2016

Court of Appeals Case No.
02A03-1505-CR-365

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause Nos.
02D06-1202-FC-43,
02D06-1203-FC-86

**Bradford, Judge.**

# Case Summary

[1] In 2012, Appellant-Respondent Javonieo White pled guilty to two counts of Class C felony possession of cocaine or narcotic drug and one count of Class A misdemeanor resisting arrest. On November 29, 2014, while on probation for his prior convictions, White was found to be sitting on the barrel of a handgun in the backseat of a vehicle that was involved in a traffic stop. White was subsequently charged with Level 5 felony carrying a handgun without a license and Level 6 felony theft.

[2] On December 5, 2014, Appellee-Petitioner the State of Indiana (the "State") filed a petition seeking to revoke White's probation. In this petition, the State alleged that White had violated the terms of his probation by failing to maintain good behavior. Following an evidentiary hearing, the trial court determined that that State had proven by a preponderance of the evidence that White had indeed violated the terms of his probation. The trial court then revoked White's probation and ordered White to serve an aggregate, executed term of eight years.

[3] On appeal, White contends that the evidence presented by the State is insufficient to prove that he violated the terms of his probation. Concluding otherwise, we affirm.

# Facts and Procedural History

## Facts Relating to White's Placement on Probation

On May 29, 2012, White pled guilty under cause numbers 02D06-1202-FC-43 ("Cause No. FC-43") and 02D06-1203-FC-86 ("Cause No. FC-86") to two counts of Class C felony possession of cocaine and one count of Class A misdemeanor resisting arrest. Under Cause No. FC-43, the first count of Class C felony possession of cocaine, White was sentenced to a term of six years, with two years executed and the remaining four years served on probation. Under Cause No. FC-86, the second count Class C felony possession of cocaine and the Class A misdemeanor resisting arrest count, White was sentenced to an aggregate term of five years, with one year executed and four years suspended to probation. The sentences in Cause No. FC-43 and Cause No. FC-86 were ordered to run consecutively.

In serving the executed portions of his sentences for Cause Nos. FC-43 and FC-86, White was placed on work release. On March 8, 2013, White's work release placement was revoked, and White was ordered to serve the remaining executed portion of his sentences in Cause Nos. FC-43 and FC-86 in the Department of Correction ("DOC"). White was placed on probation on May 7, 2014, following his release from the DOC.

## Facts Relating to the Instant Probation Violation

On November 29, 2014, Indiana State Trooper John Grant initiated a traffic stop after he observed a vehicle "flying by" at a high rate of speed. Tr. p. 72. As Trooper Grant approached the vehicle, he observed that his view inside the

vehicle was obstructed by "pretty dark" tinted windows. Tr. p. 75. He then requested that the occupants roll down the windows so that he could see how many people were in the vehicle. Once the occupants of the vehicle complied with Trooper Grant's request, Trooper Grant could see five individuals in the vehicle. He also smelled the odor of marijuana emanating from the vehicle.

[7] Once other officers, including Fort Wayne Police Detective David Wilkins, arrived at the scene, the individuals were ordered to exit the vehicle. When White, who was sitting in the back seat behind the driver, exited the vehicle, Trooper Grant observed that White was sitting on a handgun. Specifically, the part of the handgun consisting of the barrel up to the trigger of the handgun had been under White's right buttock. Ali Sultan, the individual sitting next to White in the vehicle, had been sitting on the handle of the handgun with his left buttock. After securing the handgun, Trooper Grant observed that the handgun was loaded with "[o]ne in the chamber, full capacity, twelve rounds." Tr. p. 81. It was later determined that the handgun in question had been reported stolen on November 2, 2014.

[8] At some point, Detective Wilkins interviewed White. White told Detective Wilkins that he "never saw the handgun that was underneath him." Tr. p. 145. White further told Detective Wilkins that there was no handgun on the seat when he got into the vehicle, that no one inside the vehicle handed him the handgun once he got into the vehicle, and that Sultan did not stick the handgun underneath him.

[9] White was subsequently charged under cause number 02D04-1412-F5-128 ("Cause No. F5-128) with Level 5 felony carrying a handgun without a license and Level 6 felony theft. On December 5, 2014, referencing White's November 29, 2014 arrest and the charges filed in Cause No. F5-128, the State filed a motion to revoke White's probation, alleging that White had violated the terms of his probation by failing to maintain good behavior. Although he was eventually acquitted of the criminal charges levied in Cause No. F5-128, on April 9, 2015, White was found to have violated the terms of his probation. As a result of this finding, the trial court revoked White's probation and ordered him to serve four years executed in the DOC for each Cause No. FC-43 and FC-86, run consecutively, for a total of eight years. This appeal follows.

# Discussion and Decision

[10] White contends that the State failed to present sufficient evidence to support the revocation of his probation.

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the

decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (internal citations omitted).

> A probation revocation hearing is in the nature of a civil proceeding. Therefore, an alleged violation of probation only has to be proven by a preponderance of the evidence. When we review the determination that a probation violation has occurred, we neither reweigh the evidence nor reassess witness credibility. Instead, we look at the evidence most favorable to the [trial] court's judgment and determine whether there is substantial evidence of probative value supporting revocation. If so we will affirm.

*Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006) (internal citations and quotation omitted). The violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

## Sufficiency of the Evidence to Prove Probation Violation

In filing the petition to revoke White's probation, the State alleged that White violated the terms of his probation by failing to maintain good behavior. In support of this allegation, the State asserted that White was charged with new criminal behavior, *i.e.*, felony carrying a handgun without a license and felony theft. Following an evidentiary hearing, the trial court found that the State had proved the allegation by a preponderance of the evidence.

> In proving that a defendant has violated the condition of "good behavior," the State must prove by a preponderance of the

evidence that the defendant has engaged in unlawful activity. Certainly proof of a conviction is the best evidence of unlawful conduct; for that reason, a conviction is *prima facie* evidence and will alone support the revocation of probation. But a conviction is not necessary to support revocation. If the State can prove by a preponderance of other evidence that such unlawful conduct has occurred, revocation is still proper. Thus, revocation of probation may be based upon evidence of the commission of an offense, even if the probationer has been acquitted of the crime after trial.

*Brown v. State*, 458 N.E.2d 245, 249 (Ind. Ct. App. 1983) (internal citations omitted).

[13]    In the instant matter, the record demonstrates that at the time police came into contact with White, White was sitting on the handgun in question with the barrel of the handgun located under his right buttock. White was afforded a full and fair opportunity to persuade the trial court that he did not possess the handgun in question, and as such, that his probation should not be revoked. White failed to do so.

[14]    Again, the record indicates that White told the investigating officer that there was no handgun on the seat when he got into the vehicle, that no one inside the vehicle handed him the handgun once he got into the vehicle, and that Sultan did not stick the handgun underneath him. Given that handguns do not merely materialize under people's buttocks, it was entirely reasonable for the trial court to determine that it was more likely than not that White possessed the handgun.

We therefore conclude that the State provided ample evidence to establish that White violated the terms of his probation by failing to maintain good behavior.

[15] The judgment of the trial court is affirmed.

Baker, J., and Pyle, J., concur.