## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 09 2018, 9:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Derrick R. Burt
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Derrick R. Burt,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 9, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1382<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Thomas Newman, Jr., Judge<br><br>Trial Court Cause Nos.<br>48D03-0701-FB-16 & 48D03-0612-FB-566 |

**Riley, Judge.**

# STATEMENT OF THE CASE

[1] Appellant-Defendant, Derrick Burt (Burt), appeals the trial court's denial of his motion to reinstate probation.

[2] We dismiss without prejudice.

# ISSUE

[3] Burt presents two issues on appeal, but we find another issue which we raise *sua sponte* to be dispositive: Whether Burt may bring his claim in a direct appeal after he has already challenged the validity of his probation revocation through a direct appeal.

# FACTS AND PROCEDURAL HISTORY

[4] The facts pertaining to Burt's underlying criminal convictions, sentencing, and probation revocation as found by this court on direct appeal are as follows:

> In late December 2006, Burt was arrested and charged with armed robbery. Less than one month later, Burt was arrested again and charged with armed robbery. Burt pleaded guilty to both charges in a single plea agreement and the trial court sentenced Burt to two consecutive twenty-year sentences. Each sentence required Burt to serve fifteen years in the Department of Correction, with five years suspended to probation.
>
> In March 2015, the trial court held a hearing on Burt's motion to modify his sentence. Burt was transferred from the Miami Correctional Facility to the Madison County Jail for his hearing. According to the probable cause affidavit, Madison County Jail officials suspected Burt of trafficking heroin into the jail. Detective Jake Brooks obtained a warrant to conduct a cavity

search of Burt. The cavity search revealed a substance wrapped in latex in Burt's rectum. Detective Brooks examined the substance and found it tested positive for heroin. Burt then told Detective Brooks he was exchanging heroin for commissary money. Detective Brooks arrested Burt and he was charged with dealing heroin as a Level 3 felony and possessing heroin as a Level 6 felony.

The State filed a Notice of Violation of Suspended/Executed Sentence in both cases, alleging Burt violated the conditions of probation by committing new criminal offenses. At the probation violation hearing, the State submitted into evidence the probable cause affidavit prepared and signed by Detective Brooks, without objection by Burt. Although Detective Brooks was present in court and available to testify, neither the State nor Burt called Detective Brooks to the witness stand. Neither party submitted any other evidence. At the conclusion of the hearing, the trial court revoked Burt's suspended sentence in each case, stating,

> [T]he Court finds the defendant has violated the conditions of his probation by possessing heroin. Court finds that the five (5) years suspended sentence that was originally imposed in this Court on December 10, 2007 is now revoked . . .

*Burt v. State*, No. 48A02-1512-CR-2310, 2016 WL 5266855 at *1 (Ind. Ct. App., Sept. 22, 2016) (footnote omitted). Burt appealed the trial court's revocation decision, claiming that the trial court had abused its discretion by applying a probable cause standard rather than a preponderance of the evidence standard when determining his probation revocation. *Id*. at *2. This court affirmed, finding that the trial court had applied the correct evidentiary burden to the

proceedings and that, within its discretion, the trial court could have found that Burt committed the new offenses. *Id.*

[5] While Burt's appeal from his probation revocation unfolded, the State pursued its prosecution of Burt on the new heroin charges. Burt moved the trial court to suppress the evidence against him and filed an interlocutory appeal challenging the trial court's subsequent denial of that motion. This court held that the search warrant issued for the body cavity search which turned up the heroin was constitutionally defective, as it was not supported by adequate probable cause and the good-faith exception did not apply. *Burt v. State*, No. 4804-1611-2698, 2017 WL 3471008 at *3-4 (Ind. Ct. App., Aug. 14, 2017). The court reversed the trial court's suppression judgment and remanded for "further proceedings consistent with this opinion." *Id.* at *4. On November 22, 2017, the trial court granted the State's motion to *nolle prosequi* without prejudice, ending the litigation on the heroin charges.[1]

[6] On April 25, 2018, Burt filed a motion in the trial court to reinstate his probation. On April 30, 2018, the trial court summarily denied Burt's motion.

[7] Burt now appeals. Additional facts will be provided as necessary.

---

[1] This information was gleaned from Odyssey, as Burt did not include the chronological case summary from that case in the record on appeal.

# DISCUSSION AND DECISION

[8]   Burt challenges the trial court's denial of his motion to reinstate his probation, arguing that the trial court was required to reverse his probation revocation after we remanded the heroin case for further proceedings consistent with our opinion and that the exclusionary rule worked to invalidate his probation revocation. The State responds that Burt's claims are barred by *res judicata* and waiver and that the exclusionary rule does not apply to probation revocation proceedings.

[9]   We note that Burt has already unsuccessfully challenged the validity of his probation revocation in a direct appeal. Burt does not cite to any statute or other legal authority, and we are aware of none, which provides him with a basis to collaterally attack his probation revocation with a second direct appeal. As such, Burt has exhausted his available direct appeal remedy as to his probation revocation. As a result, Burt must bring his claims through a proceeding pursuant to Post-Conviction Relief Rule 1 which provides, in relevant part, as follows:

> Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:
>
> * * *
>
> (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;

\* \* \*

> may institute at any time a proceeding under this Rule to secure relief.

Ind. Post-Conviction Rule 1(a)(5); s*ee also Hoaks v. State*, 832 N.E.2d 1061, 1063 (Ind. Ct. App. 2005) (noting that post-conviction relief is available for defendants who have exhausted the direct appeals process), *trans. denied*.

[10] The case of *Brown v. State*, 458 N.E.2d 245 (Ind. Ct. App. 1983), illustrates this point. Brown pleaded guilty to a charge of possession of a controlled substance, and the trial court placed him on probation for three years. *Id*. at 246. The State subsequently sought to revoke Brown's probation based upon its allegation that he had committed the crime of involuntary manslaughter, and, after a hearing, the trial court revoked Brown's probation. *Id*. Brown appealed the revocation of his probation, and this court affirmed the trial court's revocation decision. *Id*. at 247. Brown's conviction for involuntary manslaughter, which had been the basis for his probation revocation, was overturned on appeal. *Id*. Brown then sought to have his probation reinstated through a post-conviction proceeding to pursue his theory that his probation revocation must be reversed based upon the reversal of his involuntary manslaughter conviction. *Id*.

[11] Although *Brown* is not entirely analogous to the instant case since Burt was never convicted of the heroin charges, the cases are alike in that Brown and Burt had both already availed themselves of a direct appeal challenging their

probation revocation, and so we conclude that the same procedural vehicle must be used here as in *Brown*: post-conviction relief. Because we have determined that Burt must bring his claim in a post-conviction relief proceeding, we hold that this direct appeal is dismissed without prejudice to Burt's ability to raise his probation revocation challenge in a post-conviction proceeding should he elect to do so.

# CONCLUSION

Based on the foregoing, we conclude that Burt, having already challenged the validity of his probation revocation through a direct appeal, must challenge the validity of his probation revocation through a post-conviction proceeding.

Dismissed without prejudice.

Vaidik, C. J. and Kirsch, J. concur