Joseph E. CORCORAN, Appellant
(Plaintiff below),

v.

STATE of Indiana, Appellee
(Defendant below).

No. 02S00–0304–PD–00143.

Supreme Court of Indiana.

May 12, 2005.

---

Susan K. Carpenter, Public Defender of Indiana, Joanna McFadden, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Stephen R. Creason, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

ON PETITION FOR REHEARING

SULLIVAN, Justice.

Joseph E. Corcoran filed a Petition for Rehearing on February 10, 2005, asking us to reconsider our decision of January 11, 2005.[1] In that decision, we had affirmed the post-conviction court's determination that Corcoran was competent to waive collateral review of convictions for four mur-

ders and sentence of death. *Corcoran v. State,* 820 N.E.2d 655, 662 (Ind.2005).

Some background is helpful in understanding the present posture of this unusual case. A person whose Indiana death sentence is affirmed on direct appeal is entitled to seek collateral review—called "post-conviction relief"—under rules (including time deadlines) promulgated by this Court. *See* Ind.Crim. Rule 24(H); Post–Conviction Rule 1. When the time came for Corcoran to seek post-conviction relief, he declined the opportunity, indicating that he believed he should be put to death for his crimes. He waived any further legal review of his convictions and sentence.

When that happened, the State Public Defender took the position that Corcoran was not competent to make that decision. The post-conviction court considered that proposition but found Corcoran to be competent. The State Public Defender appealed that determination. While the Public Defender's appeal was pending before us, Corcoran recanted his waiver of further review and sought dismissal of the appeal so that he could seek collateral review after all. We denied Corcoran's request for dismissal of the appeal, *Corcoran,* 820 N.E.2d at 658, and we affirmed the post-conviction court's ruling that Corcoran was competent. *Id.* at 662.

In the Petition for Rehearing, Corcoran makes two broad claims. First, he contends that in denying his request that his appeal be dismissed so that he could seek collateral relief in the post-conviction court, we violated his federal and state constitutional rights to due process, to equal protection, to open access to courts,

---

**1.** On April 7, 2005, Corcoran's lawyers advised us that Corcoran had filed a petition for post-conviction relief in the Allen Superior Court in February; that Corcoran had subsequently notified them "of his present desire to withdraw that [p]etition"; and that "Corcoran has not expressed a desire" to withdraw the petition for rehearing to which this opinion responds.

and to be free from cruel and unusual punishment. Second, he argues that we were incorrect to affirm the post-conviction court's finding that he was competent.

As to the second of these claims, Corcoran asks that we revisit territory that we covered with care in our original decision. We have given due consideration to his request but find no basis to alter our original analysis or conclusion.

█ We do find, however, grounds to address his first claim concerning our denial of his request that his appeal be dismissed so that he could seek collateral relief in the post-conviction court. We grant rehearing for that purpose.

In our opinion rejecting Corcoran's request to dismiss his appeal and remand the case to the post-conviction court for further proceedings, we said that "petitions for post-conviction relief in capital cases must be filed within 30 days following completion of rehearing." *Corcoran*, 820 N.E.2d at 658 (footnote omitted). Corcoran accurately points out that this statement misstates the requirements of Indiana Criminal Rule 24(H). Rather than directing that "petitions for post-conviction relief in capital cases must be filed within 30 days following completion of rehearing" as we said in the opinion, Indiana Criminal Rule 24(H) (which was correctly quoted elsewhere in our opinion) requires counsel for a petitioner for post-conviction relief in a capital case to file an appearance within 30 days following the completion of rehearing (Corcoran's lawyers met this requirement) and then requires the petitioner to file the petition itself by the date set forth in a case management schedule submitted to the trial court and approved by this Court.

This mistake does not affect our analysis or conclusion, however. In Corcoran's case, the post-conviction court established a case management schedule requiring Corcoran to file a petition for post-conviction relief on or before September 9, 2003. We approved this schedule by Order dated May 30, 2003. As discussed in our prior opinion, Corcoran refused to sign a petition; the State Public Defender filed a petition for post-conviction relief on September 9, 2003, unsigned by Corcoran; and the post-conviction court properly refused to allow the petition because it was unsigned. Our opinion correctly stated the fact that Corcoran had failed to file a petition for post-conviction relief by the deadline set by rule; we were incorrect only in describing the deadline.

█ As we noted in our original opinion, it is a matter first for the post-conviction court to rule on whether any particular petition for post-conviction relief is timely, i.e., filed within the deadline set by the case management order and any appropriate extension. We did not—and do not—direct the post-conviction court here to dismiss any petition that Corcoran may have already filed or file in the future. But we do think that that is the likely result, a result likely to be affirmed on appeal.

If a new petition for post-conviction relief is time-barred, the ability of Corcoran to obtain post-conviction review of his convictions or sentence was dependent upon the resolution of the competency issue. We continue to believe that it was in the best interest of the orderly processing of this litigation for this Court to complete review of that issue and that we were correct to deny Corcoran's motion to dismiss the appeal.

If Corcoran's new petition for post-conviction relief is held to be time-barred, he will not be denied his constitutional rights to due process, to equal protection, to open access to courts, or to be free from cruel and unusual punishment.

Corcoran's due process argument is that by requiring a petition for post-conviction relief to be filed by the date set forth in the case management schedule, we applied a new rule to him in contravention of constitutionally-mandated due process and due course of law requirements. He maintains that "it was unclear that failing to file a signed post-conviction petition by September 9, 2003 would mean Corcoran's certain execution." Pet. for Reh'g. at 4. He also says that "historically Indiana has not treated similarly situated death row inmates in this manner." *Id.*

We do not believe this contention requires extended treatment. There is nothing new about our holding that a person who seeks post-conviction relief in a capital case must file a signed petition by the date set forth in the case management schedule. This has been the rule in our state for approximately 15 years. Ind.Crim. Rule 24(H) (1990). Counsel's action in this case—filing the unsigned petition on the date set forth in the case management schedule—indicates that they were well aware of the requirement. And it goes without saying that the failure to file did not "mean Corcoran's certain execution"; he continues to have federal and certain state collateral review opportunities.

Nor is it the case that we have treated persons sentenced to death differently in the past. Corcoran's only example is a citation to an order this Court entered on the eve of Robert Smith's execution that provided that any last-minute filings be made in this Court (rather than a trial court) so as to permit expedited consideration. *See Smith v. State,* No. 77S00–9508–DP–00950 (Ind. filed Jan. 27, 1998) (order directing the Clerk of the Supreme Court to transfer and accept certain filings). No inference can reasonably be drawn from the *Smith* order that Smith would have been entitled to a review on the merits had he filed a petition for post-conviction relief.

■ Corcoran next asks this Court to hold that when a person sentenced to death first waives the right to appeal and then retracts the waiver, the retraction be treated as "the final word" and the proceedings be reinstated. He suggests that such reinstatement is required by the prohibitions on cruel and unusual punishment in the federal and state constitutions. U.S. Const. amend. VIII; Ind. Const. art. I, § 16.

Corcoran directs our attention to three courts that have held that "retraction be treated as the final word." *See St. Pierre v. Cowan,* 217 F.3d 939 (7th Cir.2000); *Smith v. Armontrout,* 888 F.2d 530, 543 (8th Cir.1989); *Commonwealth v. Saranchak,* 570 Pa. 521, 810 A.2d 1197 (2002).[2] We respect the reasoning of these courts but observe that none of them found their holdings compelled by the Eighth Amendment or a state counterpart. Rather, each court found policy justifications for permitting the appellant's proceedings to be reinstated.

In our earlier opinion, the procedural posture of Corcoran's case prompted us to

---

**2.** Corcoran's situation differs somewhat from those in *St. Pierre, Smith,* and *Saranchak.* In each of those cases, the appellant had initially filed apparently timely petitions for collateral review, subsequently asked that the proceedings be dismissed, and then asked that they be reinstated. Unlike Corcoran, none of these appellants failed to file their initial petitions for collateral review by the deadlines established by applicable, statute, rule, or order. *Cf. Johnson v. McBride,* 381 F.3d 587 (7th Cir.2004) (affirming dismissal of petition for habeas corpus filed one day after the statutory deadline in death penalty case), *cert. denied* —— U.S. ——, 125 S.Ct. 1649, —— L.Ed.2d ——, 73 U.S.L.W. 3555 (March 21, 2005).

conduct essentially the same policy analysis. That is, because Corcoran sought to file an apparently untimely petition for post-conviction relief, we examined whether we should extend to individuals sentenced to death automatic post-conviction review (in addition to automatic review on direct appeal). *Corcoran*, 820 N.E.2d at 663. For the reasons set forth at some length in that opinion, we declined to extend automatic post-conviction review to capital litigants who do not seek such review within the time limits imposed upon them by the Indiana Rules of Criminal Procedure. "[A]t the post-conviction stage, the interest in achieving finality outweighs the benefits of mandating further review." *Id.* at 664. Although couched as compelled by the constitutional prohibitions on cruel and unusual punishment, we find Corcoran's request for a "retraction as the final word" rule to constitute a request that we reverse this conclusion. We adhere to our original position.

■ Corcoran's final constitutional claim is that imposing a filing deadline on persons sentenced to death when there is no counterpart deadline for persons with lesser sentences violates the Equal Protection Clause of the United States Constitution and the Equal Privileges and Immunities Clause of the Indiana Constitution. U.S. Const. amend XIV; Ind. Const. art I, § 23. As with the due process claims, this argument does not require extended treatment. Corcoran does not point us to any authority that the federal or state constitutions require that a state have identical procedures for the collateral review of the convictions and sentences of capital and non-capital litigants, and we are aware of none. We believe that having a separate set of procedural requirements for the collateral review of the convictions and sentences of capital and non-capital litigants easily meets the rational basis and reasonableness requirements necessary to pass federal Equal Protection Clause and state Equal Privileges and Immunities Clause muster. *See Jeffers v. Lewis*, 38 F.3d 411, 419 (9th Cir.1994) (applying a rational basis test for Arizona statute treating capital and non-capital sentencing differently), overruled on other grounds, *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); *Ben–Yisrayl v. State*, 753 N.E.2d 649, 656 (Ind.2001) (noting that the differential statutory treatment of capital and non-capital jury selection procedures was reasonably related to inherent characteristics that distinguish the unequally treated class). In fact, many of the procedures required by Indiana Criminal Rule 24 (which applies only to death penalty cases) inure to the benefit of capital litigants. *See* Norman Lefstein, *Reform of Defense Representation in Capital Cases: The Indiana Experience and Its Implications for the Nation*, 29 Ind. L.Rev. 495 (1996) (discussing the role of Indiana Criminal Rule 24 in improving the quality of representation in death penalty cases).

## Conclusion

Having granted Corcoran's Petition for Rehearing, we nevertheless affirm the judgment of our opinion of January 11, 2005.

Accordingly, we find that Joseph Corcoran has received the review to which he is entitled as a matter of right in Indiana state court. Pursuant to Indiana Criminal Rule 24(H) and Indiana Code § 35–50–2–9, we will set a date for execution of Corcoran's sentence by separate order.

SHEPARD, C.J., and DICKSON and BOEHM, JJ., concur.

RUCKER, J., dissents with separate opinion.

RUCKER, Justice, dissenting.

For reasons previously expressed, I respectfully dissent from that portion of the majority's opinion denying Corcoran's petition for rehearing on the question of his competency. *See Corcoran v. State,* 820 N.E.2d 655, 665 (Ind.2005) (Rucker, J., dissenting). I also respectfully dissent from the remainder of the majority's opinion because it essentially forecloses any chance that Corcoran may obtain postconviction review of his conviction and sentence. The majority correctly characterizes this case as "unusual." Op. at 543. Precisely for that reason, and because "execution is the most irremediable and unfathomable of penalties," *Ford v. Wainwright,* 477 U.S. 399, 411, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986), I would allow Corcoran the opportunity to pursue collateral review of his claims.