ATTORNEYS FOR APPELLANT
Susan K. Carpenter
Public Defender of Indiana

Joanna McFadden
Deputy Public Defender
Indianapolis, Indiana

Laura L. Volk
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Stephen R. Creason
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 02S00-0508-PD-350

JOSEPH E. CORCORAN,

*Appellant (Plaintiff below)*,

v.

STATE OF INDIANA,

*Appellee (Defendant below)*.

Appeal from the Allen Superior Court, No. 02D04-9707-CF-465
The Honorable Frances C. Gull, Judge

On Direct Appeal

**April 18, 2006**

**Sullivan, Justice.**

Following proceedings that began in 2003 when Joseph Corcoran refused to sign a petition for post-conviction relief from his sentence of death and that were the subject of earlier decisions of this Court, Corcoran changed his mind and in 2005 signed such a petition. The trial

judge dismissed this latter petition as not having been timely filed, a decision we affirm in this opinion.

## Background

Joseph Corcoran was convicted of four counts of murder in May, 1999, and sentenced to death. He sought appellate review of his sentence, which was affirmed by this Court. Corcoran v. State, 774 N.E.2d 495 (Ind. 2002). His attorneys subsequently moved to initiate collateral review, and thereafter, the post-conviction court submitted a case management schedule, which we approved by order dated May 3, 2003, requiring Corcoran to file his petition for post-conviction relief by September 9, 2003.

Corcoran's counsel presented an unsigned petition for post-conviction relief on his behalf on September 9, 2003. The petition went unsigned on Corcoran's insistence that all efforts at further appellate review on his behalf be abandoned. The post-conviction court rejected the petition on the basis of this defect but scheduled a hearing to determine Corcoran's competency to waive further review.

Corcoran was found to be competent at that hearing by the post-conviction court, a conclusion his counsel appealed to this Court. However, while pending our determination, Corcoran changed his mind about seeking further review. He asked this Court to dismiss his appeal and remand the matter to the post-conviction court for further proceedings there. We rejected his request to dismiss the appeal and went on to find him competent to waive further post-conviction review. Corcoran v. State, 820 N.E.2d 655, 662 (Ind. 2005). Without deciding the issue, we also indicated that since Corcoran had failed to meet the deadline for filing a petition for post-conviction relief set by the case management schedule, any future attempt would likely be considered time-barred. Corcoran v. State, 827 N.E.2d 542, 544 (Ind. 2005).

Corcoran did subsequently tender a signed petition for post-conviction relief to the post-conviction court on February 10, 2005, which that court dismissed as untimely. He then filed a

2

notice of appeal and brief with this Court for our consideration. We affirm the decision of the court below.

## Discussion

Corcoran advances two arguments in his appeal to this Court. First, he contends that his February, 2005, petition for post-conviction relief was timely and that the post-conviction court's dismissal was inappropriate as "it related back to the Petition for Post-Conviction Relief filed September 9, 2003." Br. of Appellant at 6. He also contends that the post-conviction court's dismissal of his petition violated his rights to equal protection and due process of law since he was not given notice that his failure to file a signed petition on September 9, 2003, would foreclose any further opportunities for collateral review and because he "was treated differently than other civil litigants [when] the trial court dismissed his February 10, 2005 petition rather than relating it back to the September 9, 2003 petition." Id. at 14.

## I

Corcoran initially contends that his signed February 10, 2005, petition is timely and "relate[s] back to the [unsigned] petition filed on September 9, 2003 because the two petitions contained the same core of operative facts." Id. at 5. He cites authority from the United States Supreme Court's decision in Mayle v. Felix, 125 S.Ct. 2562, 2574 (2005), to assert "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Corcoran's argument and reliance on Felix for support is incorrect, however, in that any attempt to invoke the doctrine of relation back must be predicated on a timely original petition. Corcoran's relation back claim does not meet this threshold requirement.

## A

Indiana's doctrine of relation back is governed by Ind. Trial Rule 15(C). While our Trial Rules generally only govern procedure and practice in civil cases, we have considered their ap-

3

plicability in post-conviction proceedings on a case-by-case basis where the Indiana Rules of Procedure for Post-Conviction Remedies are silent.  See, e.g., Van Meter v. State, 650 N.E.2d 1138 (Ind. 1995) (holding that T.R. 60(B) was inapplicable in post-conviction proceeding); Spranger v. State, 650 N.E.2d 1117 (Ind. 1995) (applying T.R. 52(A) in a post-conviction proceeding); State ex rel. Whitehead v. Madison Circuit Court, 626 N.E.2d 802 (Ind. 1993) (concluding T.R. 76(B) was inapplicable to post-conviction proceeding); Mickens v. State, 596 N.E.2d 1379 (Ind. 1992) (finding that T.R. 59(G) was applicable in post-conviction proceeding). Our analysis in this case will proceed without deciding whether Trial Rule 15(C) is applicable to Post-Conviction proceedings.

Trial Rule 15(C) states, "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."  Since an amended petition that is submitted after a statutory or court ordered deadline is reliant on a procedurally sound original petition, it then follows that an amended petition "will only be considered timely if the original pleading was timely."  Gary Cmty. Mental Health Ctr., Inc. v. Ind. Dep't of Pub. Welfare, 496 N.E.2d 1345, 1347 (Ind. Ct. App. 1986).  Stated differently, where "there was no timely filing [of an original petition], there is nothing which an amended pleading could relate back to."  Id.  See also Comm'r Ind. Dep't Envtl. Mgmt. v. Jennings Nw. Reg'l Util., 760 N.E.2d 184, 187 (Ind. Ct. App. 2001) (quoting Gary Cmty Mental Health Ctr.); Hoosier Envtl. Council v. Dep't Natural Res., 673 N.E.2d 811, 814 (Ind. Ct. App. 1996) (same), transfer denied, 683 N.E.2d 596 (Ind. 1997).  Thus, an amended petition must be predicated on a timely filed original petition in addition to arising out of the same conduct, transaction, or occurrence as that originally proffered.  Corcoran's February 10, 2005 petition failed to meet this standard.

Corcoran, as we have already noted, was required to file his petition for post-conviction relief by September 9, 2003, in accordance with the trial court's case management schedule, which had been explicitly approved by this Court.  Corcoran's counsel instead submitted an unsigned petition on September 9, 2003.  Corcoran himself filed nothing; his counsel's submission

4

was not authorized by him. There simply was no original petition for the purpose of providing the requisite predicate for an amended pleading.

Corcoran's reliance on the Supreme Court's Felix decision is misplaced. In Felix, petitioner Jacoby Lee Felix filed a timely petition for federal habeas corpus relief. Five months after the one-year time limit for filing for habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 United States Code section 2224(d)(1) had elapsed, Felix filed an amended petition that added a new claim for relief. Mayle v. Felix, 125 S. Ct. 2562, 66 (2005). He argued that his amended claim was timely as it related back to the original petition.

In point of fact, the Supreme Court rejected Felix's argument on the basis that his amended claims did not arise from a common core of operative facts as those asserted in his original petition. Id. at 2571. To the extent relevant to Corcoran's situation, the Court noted that relation back is permissible only where "the claims added by amendment arise from the same core facts as the timely filed claims. . . ." Id. (emphasis added).

Corcoran cannot rely on Felix. Corcoran did not file a petition for post-conviction relief. Under that circumstance, no subsequent filing could relate back. Accordingly, we find that because Corcoran's February 10, 2005 petition lacks a timely filed predicate, it has nothing to relate back to and does not invoke that doctrine.

**B**

The February 10, 2005 petition was not an amendment to the September 9, 2003, petition at all but rather was an attempt by Corcoran to file an original petition. After a filing deadline has elapsed, a party is not permitted to amend a petition to cure its procedural defects. See State ex rel. Hodges v. Kosciusko Circuit Court, 402 N.E.2d 1231 (Ind. 1980) (concluding that a petition could not be amended after its filing deadline had passed to correct defects). Corcoran was given the opportunity to tender a signed petition to the post-conviction court on September 9, 2003. Corcoran's failure to present a signed petition to the court on that date rendered any sub-

sequent attempt untimely and ineffective for the purpose of further pursuing post-conviction relief.

Corcoran argues that the post-conviction court's actions at his December 19, 2003, competency hearing indicate that the September 9, 2003, deadline provided for by the case management schedule was not fixed and could be altered at that court's discretion. At his December 19, 2003, hearing the post-conviction court offered Corcoran a final opportunity to sign a petition for post-conviction relief, although he had missed the deadline set by the case management schedule. On this basis, Corcoran asserts that the post-conviction court "gave the appearance that the 'deadline' to file the post-conviction petition was not unalterable." Reply Br. of Appellant at 9.

It is true that under the terms of this Court's case management order in this case, the post-conviction court was given the authority to extend certain of the deadlines in the order, including the September 9, 2003, filing deadline. (Counsel knew this. On August 27, 2003, Corcoran sought a 30-day extension but the post-conviction court denied that request two days later.) In that sense, the September 9 deadline might not have been "unalterable," even after it had passed. But even if the deadline could have been changed after it had passed, it would have been only for good cause shown. No cause is given here other than Corcoran having changed his mind. For the reasons given elsewhere in this and our prior opinion, that cause is not sufficient. The post-conviction court properly dismissed Corcoran's February 10, 2005, filing as untimely.

## C

Alternatively, Corcoran asks this Court to now accept his petition as a successive petition for post-conviction relief. We decline to do so for the same public policy reasons set forth in Corcoran v. State, 820 N.E.2d 655, 663-64 (Ind. 2005). Just as we concluded that the public interest in achieving finality outweighs the benefits of mandating automatic post-conviction review, we also find that the public interest in achieving finality in this case outweighs the benefit of further review. We have afforded Corcoran considerable review of his sentence, see Corcoran v. State, 774 N.E.2d 495 (Ind. 2002) ("Corcoran II"); Corcoran v. State, 739 N.E.2d 649 (Ind. 2000) ("Corcoran I"), and the post-conviction court's competency determination. See Corcoran

6

v. State, 827 N.E.2d 542 (Ind. 2005) ("Corcoran IV"); Corcoran v. State, 820 N.E.2d 655 (Ind. 2005) ("Corcoran III"). The public interest in achieving finality at this stage weighs heavily against further review.

## II

### A

Corcoran's due process and equal protection arguments do not require extended treatment. In his due process claim, Corcoran argues he was denied his right to due process of law because he had no notice of "new" procedural rules requiring a petition for post-conviction relief to be filed by the date set forth in the case management schedule. We addressed this contention in Corcoran IV stating:

> There is nothing new about our holding that a person who seeks post-conviction relief in a capital case must file a signed petition by the date set forth in the case management schedule. This has been the rule in our state for approximately 15 years. Ind. Crim. Rule 24(H) (1990). Counsel's action in this case—filing the unsigned petition on the date set forth in the case management schedule—indicates that they were well aware of the requirement.

Corcoran, 827 N.E.2d at 545. We continue to adhere to the above reasoning and conclusion.

### B

Corcoran's equal protection argument claims that he was denied this right and was impermissibly "treated differently than other civil litigants [when] the trial court dismissed his February 10, 2005 petition rather than relating it back to the September 9, 2003 petition." Appellant's Br. at 14. We find this assertion to be a restatement of Corcoran's earlier relation back argument discussed in Part I. As we have already determined that, under Indiana caselaw consistently applied to other civil litigants, Corcoran's February 10, 2005, petition could not relate back to his unsigned September 9, 2003, petition under T.R. 15(C) for the reasons set forth supra. Thus, we find no basis to his equal protection claim.

7

## Conclusion

We affirm the post-conviction court's dismissal of Joseph Corcoran's February 10, 2005 petition for post-conviction relief. We hold that the February 10, 2005 petition does not relate back to the unverified September 9, 2003 petition as the latter was not timely filed.

The Court takes judicial notice of the stay of Corcoran's sentence entered by the United States District Court for the Northern District of Indiana and so will not set an execution date at this time, notwithstanding the requirements of Ind. Criminal Rule 24(H) and Indiana Code Section 35-50-2-9.

Shepard, C.J., and Dickson, and Boehm, JJ., concur. Rucker, J., dissents without separate opinion.