**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

May 24 2013, 9:19 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**LEO DENT, JR.**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN. F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LEO DENT, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1208-CR-362 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell, Judge
The Honorable Kathleen A. Sullivan, Magistrate
Cause No. 45G03-9605-CF-94

**May 24, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Leo Dent, Jr., appeals the denial of his motion for relief from judgment. As the trial court had jurisdiction to enter judgment on Dent's petition for post-conviction relief even though the amendments to Dent's verified petition were not themselves verified, we affirm.

## FACTS AND PROCEDURAL HISTORY

Dent was convicted of murder. After exhausting his direct appeals he brought, *pro se*, a verified petition for post-conviction relief. Dent then accepted representation by a public defender, who amended the petition by substituting paragraphs 8(a) and 9(a) for paragraphs eight and nine of Dent's original petition. Dent asserted the amended paragraphs were never presented to him for his review or approval. The post-conviction court denied relief, and Dent brought a motion for relief from judgment, arguing the post-conviction court lacked jurisdiction to rule on his petition because the amended pleading was not verified.

## DISCUSSION AND DECISION

The burden is on the movant to establish grounds for Trial Rule 60(B) relief. *In re Paternity of P.S.S.,* 934 N.E.2d 737, 740 (Ind. 2010). A T.R. 60(B) motion addresses only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment. *Id.* A T.R. 60(B) motion is addressed to the equitable discretion of the trial court, whose ruling will be disturbed only upon an abuse of that discretion. *Id.* at 740-41. In exercising its discretion, the trial court must balance the alleged injustice suffered by the movant against the interests of the nonmovant, and society generally, in the finality of litigation. *Mid-West Fed. Sav. Bank v. Epperson,* 579 N.E.2d 124, 129 (Ind. Ct. App. 1991), *reh'g denied.*

2

Dent has not established the post-conviction court lacked jurisdiction. He argues the court did not have jurisdiction because the amended petition for post-conviction relief was not itself verified, and he asserts, without citation to authority, that "[i]n Indiana, Petitions for Post-Conviction Relief are to be verified and such is a jurisdictional question as interpreted by the Indiana Supreme Court." (Br. of Petitioner-Appellant at 4.) As Dent has not demonstrated his lack of opportunity to verify the two amended paragraphs denied the court jurisdiction over his petition, we cannot find an abuse of discretion in the court's denial of his motion for relief from judgment.

We acknowledge Post-Conviction Rule 1(3) explicitly provides a petition "shall be made under oath and the petitioner shall verify the correctness of the petition, the authenticity of all documents and exhibits attached to the petition, and the fact that he has included every ground for relief under Sec. 1 known to the petitioner." But that requirement is not jurisdictional. In *Brown v. State*, 458 N.E.2d 245, 248-49 (Ind. Ct. App. 1983), we noted "the time-honored principle that a statutory requirement of verification of pleadings is not jurisdictional." Want of verification is waived if an objection is not presented at the earliest possible opportunity. *Id*. at 249. In *Brown, t*he State did not raise lack of verification in the trial court; we therefore determined the issue was waived. *Id*. Nor does it appear Dent raised lack of verification until after his post-conviction petition was denied.

Dent relies on *Corcoran v. State*, 820 N.E.2d 655 (Ind. 2005), *aff'd on reh'g,* 827 N.E.2d 542 (Ind. 2005), but *Corcoran* does not require a contrary result. There, our Indiana Supreme Court noted "[t]o litigate the post-conviction claims discussed in Part II, Corcoran

3

himself would need to authorize such a proceeding." *Id*. at 662. Dent reasons the lack of verification of the amendments to his original verified petition reflects the post-conviction petition was brought without his authorization. The *Corcoran* Court noted "Corcoran himself did not authorize this proceeding within the timeframe required by Criminal Rule 24(H) and without his authority, neither the trial court in this proceeding nor this Court has jurisdiction to review claims for post-conviction relief." *Id*. at 663. *Corcoran* is distinguishable. As noted above, Dent "authorize[d] this proceeding" when he filed a verified petition for post-conviction relief.[1]

As Dent has not established the post-conviction court lacked jurisdiction because amendments to his verified petition were not themselves verified, we affirm the denial of his motion for relief from judgment.

Affirmed.

BAKER, J., and MATHIAS, J., concur.

---

[1] Dent does not argue he was prejudiced by the amendments. Both amendments asserted there was insufficient evidence to permit Dent's convictions.