## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 07 2016, 9:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

James E. Robinson
Pendleton Correctional Facility
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James E. Robinson,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

December 7, 2016

Court of Appeals Case No.
12A02-1603-PC-481

Appeal from the Clinton Superior Court

The Honorable Justin H. Hunter, Judge

Trial Court Cause No.
12D01-1009-PC-2

**Crone, Judge.**

## Case Summary

James E. Robinson appeals the postconviction court's denial of his petition for postconviction relief ("PCR"). Robinson argues that the postconviction court abused its discretion by denying his renewed motion to amend his PCR petition and by excluding certain exhibits at the evidentiary hearing. He also contends that the judge was biased against him. We conclude that the court did not abuse its discretion by denying Robinson's renewed motion to amend or by excluding certain exhibits. We also conclude that Robinson has failed to overcome the presumption that the postconviction judge was unbiased. Therefore, we affirm.

## Facts and Procedural History

On April 29, 2001, Robinson shot and killed his estranged wife Tina. On April 30, 2001, the State charged Robinson with murder. In July 2001, Robinson filed a notice of insanity defense. As required by Indiana Code Section 35-36-2-2, the trial court appointed two doctors, Drs. Richard Rahdert and Ned Masbaum, to examine Robinson to determine whether at the time of the offense he suffered from a mental disease or defect which rendered him unable to appreciate the wrongfulness of his conduct.

On July 9, 2002, Robinson pled guilty as charged pursuant to a plea agreement, which left sentencing to the trial court's discretion. At the change of plea hearing, Robinson acknowledged that, based on the doctors' examinations, he had decided not to pursue the insanity defense and believed that pleading guilty

was in his best interest.[1]  He also acknowledged that his plea was freely and voluntarily given.  Pursuant to the plea agreement, the State moved to dismiss six charges against Robinson pending under cause number 12C01-0009-CF-256, which included criminal confinement, intimidation, criminal recklessness, pointing a firearm, invasion of privacy, and domestic battery against Tina.  The trial court found that there was a factual basis for the murder charge, took the plea agreement under advisement, and set the matter for sentencing.  At the sentencing hearing, the trial court sentenced Robinson to an executed term of sixty years.  Robinson did not pursue a direct appeal.

[4]     In September 2010, Robinson filed a PCR petition, alleging that he received ineffective assistance of counsel at the guilty plea hearing because "counsel advanced pleading guilty without developing expert opinion" as to Robinson's mental health and that his plea agreement was not knowingly, voluntarily, and intelligently entered because he was not competent to stand trial.  Appellant's App. Vol. 1 at 24-25.  The postconviction court denied Robinson's PCR petition without a hearing, and Robinson appealed.  Another panel of this Court reversed the denial and remanded for an evidentiary hearing, concluding that Robinson had stated sufficiently specific factual allegations in support of his ineffective assistance claim and that the postconviction court erred by failing to hold an evidentiary hearing and issue findings of fact and conclusions of law.

---

[1] The doctors' opinions were not admitted into evidence at the postconviction evidentiary hearing.

*Robinson v. State*, No. 12D01-1009-PC-2, 2014 WL 2192756, at *3 (Ind. Ct. App. May 27, 2014).

[5] On September 23, 2015, the postconviction court held an evidentiary hearing on Robinson's PCR petition. Robinson represented himself. At the start of the hearing, he sought to introduce exhibits A through O. The State objected to all the exhibits, except exhibits C and D, based on lack of authenticity and relevance, and the trial court excluded those exhibits. The State did not object to exhibits C (the chronological case summary of the underlying case) and D (the transcripts of the guilty plea and sentencing hearings of the underlying case), and the postconviction court admitted them. At the end of the hearing, the postconviction court took the matter under advisement and requested the parties to submit proposed findings of fact and conclusions of law.

[6] On October 8, 2015, Robinson filed a motion to amend his PCR petition to conform to the evidence and an "Offer of Proof" for exhibits A and B and E through O. Appellant's App. Vol. 2 at 55-61. On October 28, 2015, the postconviction court issued an order denying Robinson's motion to amend, stating that he had not provided the specific amendments that he believed were necessary and that he should consider attaching a prepared amended pleading as an exhibit to any motion to amend. On December 7, 2015, Robinson filed a renewed motion to amend with the proposed amendments included as an exhibit. The proposed amendments included allegations that his attorney provided ineffective assistance at the sentencing hearing by failing to proffer

Robinson's mental health issues as a mitigating factor and that the sentencing court considered improper aggravating factors to enhance his sentence.

[7] On December 18, 2015, the postconviction court denied Robinson's Offer of Proof. On February 11, 2016, the postconviction court issued its findings of fact and conclusions of law denying Robinson's PCR petition. On February 18, 2015, the postconviction court denied Robinson's renewed motion to amend. This appeal ensued.

## Discussion and Decision

[8] The postconviction court entered findings of fact and conclusions of law as required by Indiana Post-Conviction Rule 1(6). Our review is limited to whether the findings are supported by the facts and the conclusions are supported by the law. *Ward v. State*, 969 N.E.2d 46, 51 (Ind. 2012). The petitioner seeking postconviction relief "bears the burden of establishing grounds for relief by a preponderance of the evidence." *Ritchie v. State*, 875 N.E.2d 706, 713 (Ind. 2007). A judgment entered against a party bearing the burden of proof is a negative judgment. *Burnell v. State*, 56 N.E.3d 1146, 1149-50 (Ind. 2016) "When a petitioner appeals from a negative judgment, he or she must convince the appeals court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the trial court." *Lambert v. State*, 743 N.E.2d 719, 726 (Ind. 2001), *cert. denied* (2002). Although Robinson is "proceeding pro se and lacks legal training, such litigants are held to the same standard as trained counsel and are required to follow procedural

rules." *Ross v. State*, 877 N.E.2d 829, 833 (Ind. Ct. App. 2007), *trans. denied* (2008).

## Section 1 – The postconviction court did not abuse its discretion by denying Robinson's renewed motion to amend his PCR petition.

Robinson first contends that the postconviction court abused its discretion by denying his renewed motion to amend his PCR petition. Indiana Post-Conviction Rule 1(4)(c) provides,

> At any time prior to entry of judgment the court may grant leave to withdraw the petition. The petitioner shall be given leave to amend the petition as a matter of right no later than sixty [60] days prior to the date the petition has been set for trial. Any later amendment of the petition shall be by leave of the court.

"[W]e review the post-conviction court's refusal to amend a petition for abuse of discretion because the Post-Conviction Rules state that any motion to amend made within 60 days of an evidentiary hearing may be granted only 'by leave of the court.'" *Tapia v. State*, 753 N.E.2d 581, 586 (Ind. 2001) (quoting Ind. Post-Conviction Rule 1(4)(c)).

To support his argument that the postconviction court abused its discretion, Robinson relies on Indiana Trial Rule 15(B), which provides,

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to

the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues.

We note that the Indiana Trial Rules "generally only govern procedure and practice in civil cases." *Corcoran v. State*, 845 N.E.2d 1019, 1021 (Ind. 2006). However, we will consider their applicability in postconviction proceedings "on a case-by-case basis where the Indiana Rules of Procedure for Post-Conviction Remedies are silent." *Id.*

[11] The State contends that Post-Conviction Rule 1(4)(c) addresses the timeframe for amendments to PCR petitions, and therefore the postconviction rules govern this issue and Trial Rule 15(B) is inapplicable. Although Post-Conviction Rule 1(4)(c) addresses the time frame for amendments, it does not directly address issues tried by express or implied consent of the parties. In *Harrington v. State*, 466 N.E.2d 1379 (Ind. Ct. App. 1984), another panel of this Court cited Trial Rule 15(B) in concluding that although the State did not plead laches as an affirmative defense in postconviction proceedings, the issue was tried by consent and the State's answer was deemed amended to raise the laches issue. *Id.* at 1381.

[12] Assuming, without deciding, that Trial Rule 15(B) applies to the propriety of the postconviction court's decision to deny Robinson's renewed motion to amend his PCR petition, Robinson's argument is without merit. One of his proposed amendments was that his counsel provided ineffective assistance at the sentencing hearing by failing to proffer his mental health issues as a

mitigating factor. Robinson argues that at the evidentiary hearing, he admitted evidence regarding his mental health issues. However, that evidence was relevant to the issue of whether his counsel provided ineffective assistance during the guilty plea hearing and whether Robinson's plea was knowing and voluntarily given. Robinson provides no citation to the record that shows that the parties addressed his mental health issues in the context of his counsel's alleged ineffectiveness during sentencing. Therefore, ineffective assistance of counsel at sentencing was not tried by implied or express consent. Permitting Robinson to amend his petition to include this issue after the evidentiary hearing would prejudice the State because it was not provided an opportunity to rebut the mental health evidence in the context of sentencing. Therefore, the postconviction court did not abuse its discretion by denying Robinson's request to amend his PCR petition to allege that he received ineffective assistance at his sentencing hearing.

[13] Robinson also sought to amend his PCR petition to allege that the sentencing court considered improper aggravating factors to enhance his sentence. However, Robinson could have raised this issue on direct appeal. "It is [] well-settled that, because a post-conviction relief proceeding is not a substitute for direct appeal …, an issue known and available but not raised on direct appeal may not be raised in post-conviction proceedings." *Collins v. State*, 817 N.E.2d 230, 232 (Ind. 2004). Because the issue of whether the trial court used improper aggravating circumstances in sentencing Robinson was available on direct appeal, it cannot be raised in postconviction proceedings. *See id.* ("We hold

that the proper procedure for an individual who has pled guilty in an open plea to challenge the sentence imposed is to file a direct appeal or, if the time for filing a direct appeal has run, to file an appeal under P-C.R.2."). Accordingly, the postconviction court did not abuse its discretion by denying Robinson's request to amend his PCR petition.

## Section 2 - The postconviction court did not abuse its discretion by excluding exhibits.

[14] Next, Robinson asserts that the trial court abused its discretion in excluding exhibits A and B and E through O. We will not reverse the postconviction court's decision regarding the admission or exclusion of evidence unless its decision constitutes an abuse of discretion. *Hyppolite v. State*, 774 N.E.2d 584, 592 (Ind. Ct. App. 2002). "An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and circumstances before the court." *Id.*

[15] Exhibits A and B and E through O consisted generally of Robinson's jail and medical records. The State objected to the exhibits based on lack of authenticity and relevance. We note that none of the exhibits were certified copies. Except for exhibits G and J, which we will address below, Robinson failed to respond to the State's objections at the hearing. Therefore, Robinson failed to show at the hearing that the exhibits were authentic and relevant. About two weeks after the hearing, Robinson submitted his Offer of Proof, which presented his arguments regarding the authenticity and relevance of each exhibit. This subsequent attempt to show authenticity and relevance was

untimely.[2]  *Cf. State v. Snyder*, 732 N.E.2d 1240, 1246 (Ind. Ct. App. 2000) ("The proponent of excluded evidence must make a formal offer of proof at trial or the error is waived and not preserved for appeal.").  Because Robinson failed to make any showing at the hearing regarding the authenticity and relevance of those exhibits, we cannot say that the trial court abused its discretion in excluding those exhibits.

[16]  We now turn to exhibits G and J.  At the hearing, Robinson attempted to establish a foundation for exhibits G and J.  Exhibit G contains Robinson's August 2000 health records from the Howard Regional Health System.  Dr. Oleh Dzera testified at the hearing that he completed four pages in exhibit G reflecting his August 2000 psychiatric evaluation of Robinson.  Exhibit G is 100 pages long, and Dr. Dzera was not a competent witness to authenticate the entire medical record.  Even if Robinson established that Dr. Dzera's four-page record was authentic, Robinson failed to show that it was relevant.  Dr. Dzera testified that his August 2000 psychiatric evaluation of Robinson was not relevant to Robinson's mental health in July 2002, when the guilty plea hearing took place.  Accordingly, the postconviction court did not abuse its discretion by excluding exhibit G.

---

[2] In his appellant's brief, Robinson attempts to incorporate by reference the arguments made in his Offer of Proof in violation of Indiana Appellate Rule 46(A)(8)(a), which provides that an appellant's argument must "contain the contentions of the appellant on the issues presented, supported by cogent reasoning."  We decline to consider arguments outside the brief.  *See T-3 Martinsville, LLC v. US Holding, LLC*, 911 N.E.2d 100, 104 n.3 (Ind. Ct. App. 2009) ("[W]e will consider only the argument presented in Hoosier's appellee's brief. Any other argument incorporated by reference is waived,"), *clarified on reh'g* 916 N.E.2d 205, *trans. denied* (2010).

[17]     Exhibit J contains Robinson's September 2000 Clinton County Jail health records. Dr. Randy Patee testified at the hearing and authenticated his one-page evaluation of Robinson. However, he was unable to authenticate the remaining three pages in the exhibit. As for relevance, Dr. Patee testified that his evaluation of Robinson in September 2000 was unlikely to have any bearing on Robinson's state of mind in July 2002. Therefore, we conclude that the court did not abuse its discretion by excluding Exhibit J.

## Section 3 – The postconviction court was not biased against Robinson.

[18]     Robinson contends that the postconviction court exhibited actual bias or prejudice that placed him in jeopardy. "A trial before an impartial judge is an essential element of due process." *Everling v. State*, 929 N.E.2d 1281, 1287 (Ind. 2010). Indiana law presumes that a judge is unbiased and unprejudiced. *Flowers v. State*, 738 N.E.2d 1051, 1060 (Ind. 2000). To overcome that presumption, a "defendant must show that the trial judge's action and demeanor crossed the barrier of impartiality and prejudiced the defendant's case." *Id*. at 1061.

> In assessing a trial judge's partiality, we examine the judge's actions and demeanor while recognizing the need for latitude to run the courtroom and maintain discipline and control of the trial. Even where the court's remarks display a degree of impatience, if in the context of a particular trial they do not impart an appearance of partiality, they may be permissible to promote an orderly progression of events at trial. Bias and prejudice violate a defendant's due process right to a fair trial only where there is an undisputed claim or where the judge

> expressed an opinion of the controversy over which the judge was presiding.

*Everling*, 929 N.E.2d at 1288 (citations and quotation marks omitted).

[19]    Robinson argues that the following circumstances taken as a whole show that the judge was biased against him:  specific comments made by the judge that purportedly show a negative view of him and his case;[3] the judge's numerous adverse decisions against him; the failure of the judge to rule on his renewed motion to amend until after the judge had issued findings of fact and conclusions of law denying his PCR petition; that the judge allowed the State to file its proposed findings of fact and conclusions of law after the due date; that the judge signed the State's proposed findings of fact and conclusions of law the day after it was filed; and that the judge and the court clerk did not provide him with a copy of the record and transcript until after this Court issued an order directing the court and the clerk to provide him with a copy of the record and transcript or face the possibility of a rule to show cause why they should not be held in contempt.

[20]    We are unpersuaded that the judge's isolated comments and the adverse rulings show bias.  In addition, our review of the record shows that the judge gave

---

[3]  Robinson directs us to the following comments made by the judge. To Dr. Dzera, the judge said, "I know you've come here [] with a great inconvenience [and] you were subpoenaed here. [The] Court of Appeals at one point had directed that I do a hearing on this matter." Tr. at 35.  To Robinson, the judge said, "If your response is going to be to ask me questions [] we're not gonna get very far in this hearing today," and "I don't expect you Mr. Robinson to deliver some sort of coherent closing statement." *Id.* at 6 and 119.  And, when Robinson said, "To show that my state of mind prior to my catching my murder case," the judge said, "oh my goodness." *Id.* at 7-8.

substantial assistance to Robinson when he was trying to introduce exhibits G and J into evidence. To the extent that Robinson was able to have his witnesses authenticate some of the pages in the exhibits, the judge essentially walked him through the questions that he needed to ask the witnesses in order to authenticate the pages. Although we are troubled by the court's failure to promptly provide Robinson with copies of the record and transcript, we do not think that the delay necessarily shows bias as opposed to simple human error. We conclude that Robinson has failed to overcome the presumption that the judge was unbiased. Therefore, we affirm the denial of Robinson's PCR petition.[4]

[21] Affirmed.

Riley, J., and Altice, J., concur.

---

[4] Robinson also argues that his counsel provided ineffective assistance by failing to raise relevant mitigating factors and failing to object to improper aggravating factors. However, these arguments were not raised before the postconviction court, and we have concluded that the court did not abuse its discretion in denying Robinson's renewed motion to amend his PCR petition, and therefore they are waived. *See Allen v. State*, 749 N.E.2d 1158, 1171 (Ind. 2001) ("Issues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal."), *reh'g denied*, *cert. denied*; Ind. Post-Conviction Rule 1(8) ("All grounds for relief available to a petitioner under this rule must be raised in his original petition."). He also asserts that the sentencing court erred by failing to find mitigating factors and finding improper aggravating factors when sentencing him and that his sentence is inappropriate based on the nature of the offense and his character. As we observed in Section 2, because the sentencing issue was available on direct appeal, it cannot be raised in postconviction proceedings. *See Collins*, 817 N.E.2d at 232.